BOYD *vs.* FLOURNOY, McGEHEE & COMPANY *et al.*

[Speer, Justice, did not preside in this case.]

On a bill to marshal assets and settle an estate, a note given by the intestate in his lifetime for advances to conduct his farm will take precedence of a debt by open account contracted by the widow in connection with the same farm, pending an application for administration which was never granted to her.

Administrators and Executors. Debtor and Creditor. Liens. Before Judge WILLIS. Marion Superior Court. April Term, 1881.

Reported in the decision.

C. J. THORNTON, by brief, for plaintiff in error.

S. B. HATCHER; BLANDFORD & GARRARD, for defendants.

JACKSON, Chief Justice.

This case arose on exceptions to an auditor's report. By agreement all issues of law and fact were submitted to the presiding judge, without the intervention of a jury.

The only exception insisted on makes this question: whether a promissory note given in the lifetime of decedent by him should yield, in the distribution of his assets, on a bill to marshal the assets and settle the estate, to a debt made on open account by the widow to run the plantation while applying for letters of administration, which she never obtained, and when all the assets, except some three or four hundred dollars, had been set apart to the widow as homestead.

The court below held that the creditor of decedent had preference over the creditor of his widow under the facts. We think so too, especially as the additional fact appears that the note had been given for advances to the decedent to make the same crop in the earlier part of the same year. But without regard to that element of mere justice, it is enough that one creditor held a note on the decedent, and the other only a debt, in open account at that, on his widow.

Judgment affirmed.